UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14018-CR-MOORE/MAYNARD

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**RICHARD NOEL QUEZADA,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSIONS TO VIOLATION NUMBERS 1 THROUGH 8

**THIS CAUSE** having come before the Court on the pending Superseding Petition for Offender under Supervision ("Superseding Petition") (DE 122) and this Court having convened a hearing, now recommends to the District Court as follows:

1. The Defendant appeared before this Court on December 7, 2020 for a hearing on the Petition. The hearing was convened via videoconference on the Zoom platform. At the hearing's outset, the Court advised the Defendant of his right to have the proceeding in person. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference. Having discussed the matter with the Defendant, the Court finds that his waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary. The Court also finds, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

2. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violation Numbers 1 through 8, inclusive, as set forth in the Superseding Petition.

3. Defendant admitted the following violations:

**Violation Number 1**   **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On July 1, 2019, the defendant submitted a urine specimen which tested positive for cocaine in [U.S. Probation's] local laboratory; and subsequently were confirmed positive by Alere Toxicology Services, Incorporated.

**Violation Number 2**   **Violation of Mandatory Condition**, by refusing to submit to drug testing. On July 9, 2019, the defendant was instructed to submit to drug testing and failed to do so.

**Violation Number 3**   **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On July 11, 2019, the defendant submitted a urine specimen which tested positive for the presence of cocaine in [U.S. Probation's] local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.

**Violation Number 4**   **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 15, 2020 in Miami Dade County, Florida, the defendant did commit Petit Theft, contrary to Florida Statute Number 812.014(3)(A).

**Violation Number 5**   **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 15, 2020 in Miami Dade County, Florida, the defendant did commit Obstruction by Disguised Person, contrary to Florida Statute 843.03.

**Violation Number 6**   **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 12, 2020 in Miami Dade County, Florida, the defendant did commit Grand Theft 3rd Degree, contrary to Florida Statute Number 812.014(2)(C).

**Violation Number 7**   **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 13, 2020 in

|  |  |
|---|---|
|  | Miami Dade County, Florida, the defendant did commit Petit Theft, contrary to Florida Statute Number 812.014(3)(A). |
| **Violation Number 8** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 14, 2020 in Miami Dade County, Florida, the defendant did commit Grand Theft 3rd Degree, contrary to Florida Statute Number 812.014(2)(C). |

4. The Court questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing on Violation Numbers 1 through 8. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions are accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

5. The Government proffered a factual basis for the admissions into the record. According to the proffer, Defendant tested positive for cocaine on July 1 and July 11, 2019 as confirmed by laboratory reports from Alere Toxicology Services, Incorporated. On July 9, 2020, Defendant failed to show up for a scheduled drug test as instructed by his probation officer. These facts provide the basis for Violation Numbers 1, 2 and 3. Violation Numbers 4 through 8 relate to several instances of theft by Defendant at a Walmart over the course of four days. The instances were captured on video and reported to the Miami Dade Police by Walmart Loss Prevention officers. According to the loss prevention reports, victim statements and videos, on August 15, 2020 Defendant was observed by Walmart Loss Prevention officers leaving Walmart with merchandise he did not pay for totaling $270.76. Upon arrest, Defendant provided the police with two false aliases—first he gave the name of an unknown person and then he gave his brother's name and date of birth. These facts provide the basis for Violation Numbers 4 and 5. On August 12, 2020, Defendant was observed entering Wal-Mart, and taking and concealing various tools he

did not pay for and putting them into a large backpack.  The tools were determined to be worth approximately $240.00.  These facts provide the basis for Violation Number 6.[1] On August 13, 2020, Defendant was observed entering the Walmart and taking and concealing various tools inside a backpack.  The tools were determined again to be worth approximately $240.88.  These facts provide the basis for Violation Number 7.[2]  On August 14, 2020, Defendant was observed at the Walmart entering the retail store, taking ten power tools, removing the tools from the packaging and placing the tools inside his backpack.  The tools stolen on that date were worth approximately $774.88.  These facts provide the basis for Violation Number 8.  Without objection from Defendant, the Government introduced Exhibits 1 through 14, which were admitted into evidence. The Defendant agreed to the facts as stated in the Government's proffer. This Court finds the Government's proffer to establish a sufficient basis to support Defendant's admissions to Violation Numbers 1 through 8.

      6.      The possible maximum penalties faced by the Defendant were read into the record by the Government, and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, this Court recommends to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release in respect to Violation Numbers 1 through 8, and that a sentencing hearing be set for final disposition of this matter.

---

[1] The Government proffered that Defendant's theft of tools valued at $240.00 constituted grand theft as alleged in the violation based on the Defendant's criminal history.  FL ST Section 812.014(2)(c) provides that it is grand theft of the third degree if property stolen is valued at $750.00 or more but less than $5000.00.  However, Section 812.014(3)(a)(c) provides that "[a] person who commits petit theft and who has previously been convicted two or more times of any theft commits a felony of the third degree."  The parties agreed on the record that Defendant's criminal history meets this requirement.

[2] Despite his criminal history, *see* fn. 1, *supra*, Defendant was charged with petit theft for stealing tools worth less than $750.00 on August 15 and August 13, 2020 as alleged in Violation Numbers 4 and 7.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 16th day of December, 2020.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE